## East Chicago Machine Tool Corp. v. E. F. Heffernan Builders, Inc.

*Eastburn & Gray,* for plaintiff.

*Thomas A. Reap, Jr.,* for defendant.

BIESTER, P. J., November 18, 1966.—We are called upon in this mechanic's lien case to unravel a tangled skein. Both counsel for plaintiff and counsel for defendant, or their respective clients, have contributed to the confused situation, plaintiff by reason of its failure to comply with the Pennsylvania Rules of Civil Procedure governing mechanic's liens and defendant by its failure to file timely pleadings.

On July 20, 1965, plaintiff filed a mechanic's lien claim against "Heffernan Builders, Inc.", named therein as the owner. On December 8, 1965, after the lien was perfected, the complaint based on the lien claim was filed. Plaintiff at that time decided to amend the caption and substitute the name "E. F. Heffernan Builder, Inc." as defendant. This was in direct conflict with Pa. R. C. P. 1654, which provides that in filing the complaint:

"The plaintiff shall name as defendant the owner, named in the claim and the owner, if known, at the time the action is commenced".

Plaintiff also failed to attach to the complaint a copy of the mechanic's lien claim as required by Pa. R. C. P. 1656.

On December 11, 1965, service was made upon defendant "E. F. Heffernan Builder, Inc.", which took no action thereon, although it might have filed a motion to strike by reason of plaintiff's failure to comply with the rules of civil procedure; nor was any responsive pleading filed. Eventually, plaintiff took judgment and issued execution against the real estate of "E. F. Heffernan Builder, Inc.", which then, belatedly, sought to strike the judgment from the record, alleging that the mechanic's lien claim was against an entirely different corporation than the corporation against which default judgment had been entered. Apparently, plain-

tiff contends, and so alleges in its complaint, that the corporation is known under both names, that is to say, "E. F. Heffernan Builder, Inc." and "Heffernan Builders, Inc." We have no way of knowing which contention is correct, and the solution to this factual problem appears to lie at the heart of the present controversy.

Under the circumstances here present, we believe that it is appropriate for us to invoke the liberal construction of the Pennsylvania Rules of Civil Procedure permitted us under Pa. R. C. P. 126 and to place the parties in the position they occupied after the mechanic's lien was perfected and before the complaint was filed. If we were to strike the judgment, as requested by defendant, without more we would, in effect, countenance and approve defendant's failure to have taken appropriate steps at the appropriate time to protect its interests. On the other hand, if we permit the judgment to remain, we sanction the failure of plaintiff to conform to the express terms of the rules of civil procedure governing complaints following the filing of the lien claim, with the result that it might have execution against an entirely different corporation than the one against which it has the lien. It must also be borne in mind that if there are two distinct corporations involved, the corporation against which the lien was filed has had no opportunity to defend against the complaint.

We, therefore, make the following

ORDER

And now, to wit, November 18, 1966, judgment entered against defendant E. F. Heffernan Builder, Inc. for failure to enter an appearance or file an answer is hereby stricken, without prejudice to the right of plaintiff to file an amended complaint naming the owner, as set forth in the mechanic's lien claim, as defendant. Following the filing of such an amended complaint and service upon the then named defendant,

that defendant shall have an opportunity to file an answer or other appropriate pleadings.